## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KENNETH E. SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 12-2576-JAR |
| OFFICER BELL and ) | |
| OFFICERS JOHN DOE 1, 2 and 3, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### MEMORANDUM AND ORDER

Plaintiff Kenneth E. Scott, proceeding *pro se* and *in forma pauperis*, brings this action alleging civil rights violations and personal injuries by Defendants, four Kansas City, Kansas police officers. This matter is before the Court on Defendants' Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (Doc. 11). For the reasons set forth in detail below, the Court grants Defendants' motion.

**I.      Plaintiff's Complaint**

Plaintiff leaves blank the portion of the form Complaint where he is directed to state a short and plain statement of the claim showing that he is entitled to relief, and has left blank the portion of the form requesting him to state briefly the relief sought. Plaintiff asserts that this Court has jurisdiction because this case arises out of violations of his civil or equal rights and that he is entitled to actual and punitive damages. Plaintiff attaches a Kansas Standard Office Report to his Complaint as well as medical documents describing injuries to his elbow that allegedly occurred during a confrontation with law enforcement officers. The Report, dated September 2, 2010, was completed by Defendant Bell and identifies Plaintiff as a victim, but

does not describe the circumstances of any confrontation or type of injury suffered by Plaintiff. The medical documents discuss what Plaintiff describes as chronic pain in his right elbow suffered in an alleged altercation with the police.

## II.     Discussion

Plaintiff did not timely file a response to Defendants' motion to dismiss and the time to do so has expired.[1]  Under D. Kan. R. 7.4(b),

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

As a result of Plaintiff's failure to respond, the Court grants Defendants' motion.[2]

Furthermore, to the extent Plaintiff asserts a tort action, the Court grants Defendants' motion to dismiss because Plaintiff has failed to comply with the provisions of K.S.A. § 12-105b(d), which requires a person filing a claim against a municipality or municipal employees acting within the scope of their employment under the Kansas Tort Claims Act to file a notice of claim with the clerk or governing body of the municipality.[3]  Plaintiff does not allege that he

---

[1] *See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days).

[2] A *pro se* litigant is not excused from complying with the rules of the court, and is subject to the consequences of noncompliance. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)). Moreover, on October 24, 2012, Judge Waxse outlined the deficiencies in Plaintiff's Complaint in his Order denying Plaintiff's request for appointment of counsel (Doc. 12), and informed Plaintiff that he is free to file an amended complaint that would provide the court with the information needed to determine whether counsel should be appointed. To date, Plaintiff has not moved to amend his Complaint.

[3] K.S.A. § 12-105b(d); *King v. Pimentel*, 890 P.2d 1217, 1225 (Kan. Ct. App. 1995).

filed a notice of claim with the United Government of Wyandotte County/Kansas City, Kansas, which is the employer of the Kansas City, Kansas law enforcement officers named as defendants. Accordingly, this Court does not have jurisdiction over any tort claims asserted against Defendants.[4]

In addition, Plaintiff has failed to state a claim for violation of his civil rights pursuant to Rule 12(b)(6). To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[5] Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[6] Because plaintiff is a *pro se* litigant, the court must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[7] However, the court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[8] The court need only accept as true the plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[9] As stated above, Plaintiff's Complaint fails to allege *any* facts showing he is entitled to relief or that there is a connection between

---

[4]*See Talavera v. S.W. Med. Ctr.*, No. 09-2572-JWL, 2010 WL 3001723, at *3 (D. Kan. July 28, 2010).

[5]*Bell Atl. Corp v. Twombly*, 550 U.S 544, 554 (2007).

[6]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[7]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[8]*Id.*

[9]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

Defendants and his claim.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendants' Motion to Dismiss (Doc. 10) is GRANTED, without prejudice, to the extent Plaintiff asserts a claim under the Kansas Tort Claims Act, and with prejudice to the extent he asserts a claim for violations of his civil rights.

**IT IS SO ORDERED.**

Dated: November 30, 2012

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE